SHELTON *v.* HOLDERNESS.

1. When husband and wife are sued jointly, but not as partners, there is no implied authority in the husband to employ counsel in behalf of the wife on her credit.
2. Where in employing an attorney in such case the husband did not profess to be the agent of his wife or to have any authority from her, but stated that he himself was insolvent and did not desire to make any defence but his wife did, the attorney could not rightly infer that the defence was to be made on the joint credit of husband and wife, and no joint action is maintainable against them for his compensation, although the attorney entered a defence for the wife alone and prosecuted it successfully, and the defendants both knew that he rendered these services, and the wife was present at the trial, consulted with the attorney and testified as a witness, she saying nothing to him touching his employment or fee, and he saying nothing to her on the subject; and it affirmatively appearing, by the undisputed evidence of herself and her husband, that no authority to employ the attorney had

been given by her, and the husband testifying that his understanding was that the employment was by himself alone and on his own credit, though for his wife's benefit.        *Judgment reversed.*
August 6, 1894.

*Certiorari.* Before Judge HARRIS. Carroll superior court. October term, 1893.

Holderness sued Mr. and Mrs. Shelton for the amount of a fee earned by him. Mrs. Shelton pleaded not indebted. Plaintiff obtained a verdict which was sustained on *certiorari.* He testified that Shelton asked him to go to court and represent a case in which he and his wife were defendants, saying that he was insolvent and did not want to make any defence, but his wife did. The case was a suit on a note. Plaintiff filed a plea of *non est factum* for Mrs. Shelton, and defeated any judgment against her. He never saw her until he went to court; she never employed him nor agreed to pay him. He consulted with her about the case, introduced her as a witness, and made out her defence by her testimony. Shelton did not tell him he was employing him for Mrs. Shelton, or that he was her agent, or that she authorized him to employ counsel; but plaintiff represented the case entirely on her credit, and relied on her for pay. The second head-note shows the other facts.

COBB & REESE, for plaintiff in error.